**William Little ANDERSON,
Petitioner–Appellant,**

v.

**Ernest C. ROE, Warden, Respondent–
Appellee.**

No. 02–55563.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 2, 2004.

Decided Aug. 20, 2004.

William Little Anderson, San Diego, CA, pro se.

Jerald L. Brainin, Los Angeles, CA, for Petitioner–Appellant.

Russell A. Lehman, AAG, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, HANSEN, and RAWLINSON, Circuit Judges.

MEMORANDUM *

1. "Because the California courts followed the "strong likelihood" test of [*People v. Wheeler*, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978) ] rather than the "inference" test of *Batson* in adjudicating [Petitioner's] claims of racial bias in the prosecution's use of its peremptory challenges, we review [Petitioner's] *Batson* claims de novo." *Wade v. Terhune*, 202 F.3d 1190, 1197 (9th Cir.2000).

 However, Petitioner William Little Anderson failed to establish a *prima facie Batson* claim by demonstrating that the "relevant circumstances raise an inference that the prosecutor used [peremptory challenges] to exclude the veniremen from the petit jury on account of their race." *Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The most Anderson can possibly prove is that some of the potential jurors that were challenged by the prosecution were African–American. Even so, "a peremptory challenge to the only members of a similar racial group on the venire does not constitute a pattern of exclusion sufficient to establish a *prima facie* case." *United States v. Wills II*, 88 F.3d 704, 715 (9th Cir.1996) (citation omitted). Because Anderson failed to prove a *prima facie Batson* claim, it is unnecessary to review the prosecutor's race-neutral explanations for his actions.[1]

 2. We lack jurisdiction to review Anderson's claim that he was denied effective assistance of counsel, because Anderson did not assert this claim to the state courts in a timely manner, and the California Court of Appeal refused to consider the claim. *See Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (holding that we are barred from reviewing a question of federal law in a habeas petition "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement").

We could have considered Anderson's ineffective assistance of counsel claim on the merits only if Anderson could demonstrate that appellate counsel's ineffectiveness in failing to preserve his claim of trial counsel's ineffectiveness is cause for his procedural default and resulted in prejudice. *See Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). However, Anderson expressly disavowed any such argument at oral argument. Consequently, this claim is procedurally barred.

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Judge Canby is of the view that our *Batson* ruling should be made on the entire record. Having reviewed that record, he is satisfied that no *Batson* violation was established.